IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Reginald Jenkins, #22060-171,   )       Criminal No.: 1:10-0968-MBS
                                 )
         Movant          )
vs.                    )       **ORDER AND OPINION**
                                 )
United States of America,       )
                                 )
       Respondent.     )
_____)

     This matter is before the court pursuant to Reginald Jenkins's ("Movant") pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate"). ECF No. 792. The United States of America ("Respondent") opposes the motion to vacate and moves the court to grant it summary judgment. ECF No. 844.

## I. FACTUAL AND PROCEDURAL BACKGROUND

     Movant is a federal prisoner currently incarcerated at the Federal Prison Camp in Montgomery, Alabama. ECF No. 1127. On March 16, 2011, Respondent named Movant in a 13 count, Second Superseding Indictment charging him with the following: Count 1, conspiracy to possess and distribute 5 kilograms or more of cocaine, 280 grams or more of cocaine base, and a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D); Count 5, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1); Count 9, use of a communication facility to facilitate the commission of a felony in violation of 21 U.S.C. §§ 841(a)(1) and 846; and Count 13, conspiracy to commit money laundering in violation of 18 U.S.C. §§1956(a)(1)(A)(I), 1956(a)(1)(B)(ii), and 1956(h). ECF No. 417. On April 28, 2011, in accordance with the terms of a written plea agreement, Movant entered a plea of guilty to Count 1 of the Second Superseding Indictment. ECF Nos. 498 & 505. On August 2, 2011,

Movant's counsel filed objections to the pre-sentence report. ECF No. 600-3. Respondent conceded

to most of the objections, and on October 25, 2011, this Court imposed the statutory minimum

sentence of 120 months.[1]  ECF No. 723.  Movant did not file an appeal.

On March 5, 2012, Movant filed the within motion to vacate, asserting multiple instances

of ineffective assistance of counsel as his grounds for relief.  ECF No. 792. Pursuant to Roseboro

v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court issued an order on May 8, 2012, advising

Movant of the summary judgment procedure and the possible consequences if he failed to respond

adequately.  ECF No. 836.  On May 7, 2012, Respondent filed a motion for summary judgment

which was later amended on May 10, 2012.   ECF Nos. 835 & 844. Movant filed a reply to

Respondent's response on June 15, 2012. ECF No. 885.

## II.  LEGAL STANDARD

### A.  Motions to Vacate Generally

A federal prisoner in custody may challenge the fact or length of his detention by filing a

motion pursuant to 28 U.S.C. § 2255.  To receive relief under 28 U.S.C. § 2255, a Movant is

required to prove by a preponderance of the evidence that his sentence was imposed in violation of

the Constitution or laws of the United States, or that the court was without jurisdiction to impose

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise

subject to collateral attack.  28 U.S.C. § 2255(a).  If this showing is made, the court must "vacate

and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to

correct  the sentence as may appear appropriate."  28 U.S.C. § 2255(b).  If, on the other hand, "the

---

[1]Movant's sentence was subsequently reduced to 96 months by this Court on August 12, 2013, in
response to Respondent's Motion to Reduce Sentence indicating that Movant provided substantial
assistance to the government in the prosecution of another defendant.  ECF No. 1104.

motion and the files and records of the case conclusively show that the prisoner is entitled to no

relief," the court may summarily deny the petition without holding a hearing.  Rule 4(b), Rules

Governing Section 2255 Proceedings; see also 28 U.S.C. § 2255(b) (a hearing is not required on a

§ 2255 motion if the record of the case conclusively shows that Movant is entitled to no relief).

Generally, when a movant attacks his sentence based upon errors that could have been but

were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from

the errors of which he complains or he must demonstrate that a miscarriage of justice would result

from the refusal of the court to entertain the collateral attack.  See United States v. Mikalajunas, 186

F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United

States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994)).  However, "an ineffective-assistance-of-

counsel claim may be brought in a collateral proceeding under § 2255, whether or not the [movant]

could have raised the claim on direct appeal."  Massaro v. United States, 538 U.S. 500, 504 (2003).

### B.  Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of

counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  To prevail on a claim of ineffective

assistance of counsel, Movant must show both that his attorney's performance fell below an

objective standard of reasonableness and that he suffered actual prejudice.  Id. at 687.  This test

applies not only to an attorney's performance at trial, but also to a claim that counsel was ineffective

during the entry of a guilty plea.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  To demonstrate deficient

performance, Movant must show that counsel made errors so serious that counsel was not

functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment.  Id. Competency

is measured by what an objectively reasonable attorney would have done under the circumstances

existing at the time of the representation.  Id. at 687-88.  To demonstrate actual prejudice, Movant

must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different." Id. at 694.  A "reasonable probability" is "a

probability sufficient to undermine confidence in the outcome." Id.  Even if counsel's performance

is outside the wide range of professional assistance, an error by counsel will not warrant setting

aside the conviction if the error had no effect on the judgment. Id.  Movant must show that but for

counsel's errors, he would not have accepted the plea and "would have insisted on going to trial."

Hill, 474 U.S. at 52.  "[A] court need not determine whether counsel's performance was deficient

before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."

Strickland, 466 U.S. at 697.

### C.  Liberal Construction of Pro Se Claims

The court is required to construe pro se pleadings liberally.  See, e.g., Estelle v. Gamble, 429

U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291,

1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are

held to a less stringent standard than those drafted by attorneys.  Haines, 404 U.S. at 520.

Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear

failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district

court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

## III.  ANALYSIS

### A.  The Argument of the Parties

#### 1.  Movant's Argument

4

Movant alleges eight grounds for relief in support of his claim of ineffective assistance of counsel.  In his first ground for relief, Movant contends that his counsel was ineffective for failing to review and explain the Motion for Discovery.  ECF No. 792 at 6.  With regard to his second ground for relief, Movant reiterates that his counsel was ineffective for failing to properly explain the terms of the plea agreement.  ECF No. 792 at 6.  Movant alleges that, during the plea agreement hearing, his attorney assured him that he would not receive a two-level gun enhancement.  Movant asserts, however, that he received a gun enhancement during sentencing.  Movant contends that he was prejudiced by the gun enhancement because he cannot participate in a Residential Drug Program in order to receive "up to a one year credit for good time."  ECF No. 885 at 2.

Next, as to his third ground for relief, Movant avers that his counsel was ineffective for failing to visit or brief him prior to sentencing.  ECF No. 792 at 6.  More specifically, Movant claims that his attorney had no contact with him from July 26, 2011, through his sentencing on October 25, 2011. Movant alleges that he only had forty-five minutes to review the Pre-Sentence Investigation report prior to his sentencing hearing.  According to Movant, his counsel was "notably absent at a 'critical stage' of the process where his client could receive credit toward a downward departure in sentencing."  ECF No. 885 at 2.

In his fourth ground for relief, Movant argues that his counsel was ineffective for misrepresenting the sentence that would be imposed.  According to Movant, his attorney informed him that he would receive a maximum sentence of six years; however, the mandatory minimum sentence in Movant's case was a ten year sentence.  ECF No. 792 at 6.  Additionally, in his fifth ground for relief, Movant alleges that his attorney never made him aware that he was "charged with any controlled buys."  ECF No. 792 at 6.  More specifically, Movant contends that after the entry

of his guilty plea, he was advised by counsel that he did not have any controlled buys.  However, at his detention hearing, "the SLED agent, testified under oath that [he] had controlled buys . . . ." ECF No. 792 at 6.

In his sixth and seventh grounds for relief, Movant alleges that he was advised by an agent during a proffer meeting that whatever he disclosed during the meeting could not be used against him.  However, Movant contends that the disclosures he made during that meeting were used against him, and that his counsel was ineffective for "fail[ing] to do any research or cite to any case law when [counsel]was asked why the government shouldn't be allowed to use the proffer information against me."  ECF No. 792 at 7.

Finally, in his eighth ground for relief, Movant indicates that his counsel was purposely ineffective because Movant did not make timely payments of his legal fees.  Movant alleges that after his attorney missed several appointments with him, he and his family decided to withhold payment until counsel provided satisfactory performance and representation.  ECF No. 792 at 7.

### 2. *Respondent's Arguments*

In response, Respondent addressed each of Movant's allegations in turn.  For the majority of the allegations, Respondent cites to an affidavit it obtained from Movant's trial counsel contradicting many of Movant's contentions.  According to the affidavit, Movant's counsel reviewed the Motion for Discovery.  Additionally, the affidavit indicates that Movant's counsel never informed Movant that he would not receive a gun enhancement during sentencing.  Regardless, Respondent argues that Movant did not show prejudice because he entered a plea of guilty where he admitted guilt and was ultimately sentenced to the mandatory minimum as provided by statute.

ECF No. 844 at 4-6.  Thus, his sentence was unaffected by the application of the sentencing guidelines, including the gun enhancement.

Next, Respondent asserts that counsel's failure to visit Movant was not constitutionally ineffective because counsel discussed the pre-sentence investigation report with Movant and filed the necessary objections.  According to Respondent, Movant failed to show how he was prejudiced by counsel's failure to visit since he was sentenced to the mandatory minimum sentence, and nothing in the pre-sentence investigation report affected his ultimate sentence.  ECF No. 844 at 7. Additionally, Respondent argues that Movant's claim that his counsel advised him he would receive a six year sentence is unsupported.  Respondent refers to the affidavit of Movant's counsel wherein counsel avers that he never told Movant he would receive a six year sentence.  ECF No. 844-1 at ¶8.  However, according to Respondent, even if Movant's counsel did misinform him regarding his sentence, Movant's plea agreement indicated that his mandatory minimum sentence was ten years. Furthermore, Movant was subsequently made aware by the court and by Respondent that he would receive at least a ten year sentence in exchange for entering a plea of guilty.  Therefore, Movant could not show that he was prejudiced by counsel's alleged misstatement of the sentence.  ECF No. 844 at 8-9.

Next, Respondent addressed Movant's contentions regarding "controlled buys" and the use of his proffer statements.  Respondent contends that Movant's claim about "controlled buys" being used against him is unsupported by the record because all of the information in his pre-sentence investigation report came from cooperating witnesses who indicated that they made purchases from Movant.  Id. at 9-10.  According to Respondent, nothing in the record indicates that "controlled buys" were conducted.  Likewise, Respondent contends that Movant's proffer statements were not

used against him because every item addressed in the pre-sentence investigation report was derived from a cooperating witness or some other independent source. Id. at 10. At any rate, Respondent asserts that Movant cannot show that his counsel was ineffective for allowing the alleged inclusion of proffer statements in the report because his counsel objected to portions of the report that seemed to have been derived from Movant's proffer statements. Id. at n. 7.

Finally, Respondent addressed Movant's contention that his attorney was ineffective because Movant failed to pay attorney's fees. Respondent asserts that even though Movant failed to pay the fees, his attorney continued to provide him with adequate representation. Id. at 11 (citing ECF No. 835-1 at ¶11). Respondent contends that Movant failed to establish prejudice or articulate how his counsel was deficient because of the non-payment of fees. Based on the reasons outlined above, Respondent contends that Movant has failed to prove his ineffective assistance of counsel claim.

### B.  The Court's Review

#### 1.  Counsel's Failure to Review Motion for Discovery

Movant asserts that counsel "[violated his] Sixth Amendment rights" by failing to review and explain the motion for discovery. Assuming for purposes of this motion that counsel's actions were objectively unreasonable, Movant provides no further insight on how counsel's failure to review the motion influenced his acceptance of the guilty plea. Movant has not established that he would not have accepted the guilty plea if his counsel would have reviewed and explained the motion. Moreover, because Movant ultimately entered a guilty plea, any claim about counsel's inaction prior to the entry of the plea is moot unless Movant alleges that his entry of the plea was constitutionally inadequate, which he does not allege. See Tollett v. Henderson, 411 U.S. 258,

267(1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann v. Richardson, 397 U.S. 769 (1970)].").  Movant's claim as to this issue is without merit.

*2.  Counsel's Failure to Advise Movant Regarding the Gun Enhancement*

The court assumes for purposes of summary judgment that counsel was ineffective for failing to advise Movant that he would receive a gun enhancement during sentencing.  The gun enhancement increased Movant's adjusted offense level to 34, but due to other reductions, his total offense level was 31.  Pursuant to the guidelines, Movant could have been sentenced to 108 to 135 months in prison based on his offense level.  Even if Movant had not received the two point gun enhancement, the reduction in the total offense level would not have affected his sentence.  In entering his guilty plea as to Count 1, Movant admitted to possessing with intent to distribute at least 280 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  The mandatory minimum sentence under § 814(b)(1)(A) was 120 months.  See 21 U.S.C. § 814(b)(1)(A).  Movant was sentenced to 120 months.  As such, the gun enhancement did not affect the outcome.

Although Movant alleges that the gun enhancement prejudiced him because he could not take advantage of a residential treatment program provided by the Bureau of Prisons, that argument is inapposite.  Movant cannot prevail on a collateral attack of his sentence based on post-sentencing consequences unless the gun enhancement itself were unlawful thereby rendering the resulting enhanced sentence unlawful. See U. S. V. Addonizio, 442 U.S. 178 (1979) (declining to grant relief

under § 2255 where a change in Parole Commission policies only affected the way in which the

court's sentence would be performed, but did not affect the lawfulness of the sentence itself). At any

rate, this court's focus is on whether the gun enhancement affected Movant's ultimate sentence.

This court concludes that it did not.  Movant received the statutory mandatory minimum sentence

for the offense to which he entered his guilty plea.  Thus, the removal of the gun enhancement would

have had no affect on Movant's sentence.  Movant's second ground for relief is without merit.


### 3.  Counsel's Lack of Communication

Movant claims that his attorney did not meet with him between July 26, 2011, and

October 25, 2011.  Movant also claims that his attorney did not contact him at all between the

date of entering his plea agreement and sentencing.  ECF No. 885-1 at 3.  While it is unclear

exactly what Movant's contention is with respect to communication with his attorney, it is clear

that on July 27, 2011, his attorney submitted objections to the pre-sentence report on Movant's

behalf.  Regardless of the time frame, Movant's counsel only had an obligation to engage in

reasonable communication with the Movant to keep him properly informed of developments in

the case and to discuss with him the means of achieving Movant's objectives.  See Rules of Prof.

Conduct, Rule 1.4.  Even by Movant's own admission, it appears that counsel met with him to

discuss his objections to the pre-sentence investigation report prior to filing.   His only issue

seems to be that he did not review the objections before they were filed.  What is noticeably

absent from his claims, however, is the contention that his attorney did not file the objections as

discussed or that the objections were somehow inadequate or deficient.  Even if counsel's

actions were objectively unreasonable, Movant cannot show that counsel's lack of

communication with him affected the mandatory minimum sentence he received as prescribed by statute.   As such, Movant's contention is without merit.

### 4.  Counsel's Misstatement of Movant's Potential Sentence

Next, the court will consider Movant's contention that his counsel was ineffective for advising him that he would receive a maximum sentence of six years incarceration.  Although Respondent provides an affidavit from Movant's counsel alleging that he never told Movant he would receive a sentence of five to six years, Movant provides affidavits from his family members who recall hearing such an estimate from counsel.  ECF No. 835-1 at ¶8, 885-3 at ¶4, 885-4 at ¶4.  Even if Movant did receive an improper estimate from his attorney regarding his sentence, Movant cannot show prejudice because Movant was later provided accurate information about his sentence.  See United States v. Weymouth, 256 F. App'x 645, 649-50 (4th Cir. 2007) (finding that appellant's counsel was not ineffective for misstating his potential sentence because the appellant was informed via the plea agreement and Rule 11 colloquy that his mandatory minimum sentence was 20 years).  Movant signed a plea agreement which properly stated that Movant was subject to a mandatory minimum sentence of ten years.  ECF No. 498 at  ¶1.  In the agreement, Movant was also advised that sentencing was in the sole discretion of the court, so any estimates that he received about his sentence were not binding. ECF No. 498 at  ¶4.  Furthermore, Movant was advised during the Rule 11 plea colloquy and in the pre-sentence investigation report that he was subject to a ten year mandatory minimum sentence.  Movant cannot show that, but for his counsel's misstatement of his potential sentence, he would have gone to trial because he was made aware he would receive at least a ten year sentence.  The court denies Movant's fourth ground for relief.

### 5. *Counsel's Failure to Advise Movant of "Controlled Buys"*

Movant claims that his counsel was ineffective for failing to make him aware that he was "charged with any controlled buys." ECF No. 792 at ¶ 5. Movant claims that information about "controlled buys" was initially used at his detention hearing. Movant claims he was told, after his plea hearing, that no such information would be used against him. The court's review of the pre-sentence investigation report reveals no discussion of government involvement in the purchase of drugs from Movant. As such, "controlled buys" were not a factor in Movant's sentencing. Furthermore, Movant fails to explain how his counsel might have been deficient even if Movant were charged with "controlled buys." Thus, Movant's fifth ground for relief is without merit.

### 6. *Movant's Proffer Statements*

Next, the court will address Movant's contention that his attorney failed to perform adequate research to prevent the government from using Movant's proffer statements against him in the pre-sentence report. Movant claims that he was told that information he provided in his proffer statements would not be used against him, but he alleges that the proffered statements were used against him anyway. Respondent alleges that every transaction referenced in the pre-sentence report is derived from an independent source. Some of the information provided by the Movant in his proffer statements was also provided by independent sources. Movant contends that his counsel should have performed more research to prevent the information from being used against him. However, based on this court's review of the record, each item in the pre-sentence report provides information that was gathered either through wire tap monitoring, a

confidential source, or interviews with Movant's co-defendants.  Thus, the court cannot find one instance where Movant's proffer statements were used to enhance his sentence.

Moreover, Movant's counsel did object to portions of the pre-sentence report that seemed to be based on information that was initially proffered by Movant.  Movant's counsel objected to paragraph 34 because information about the procurement of nine kilograms of cocaine was initially provided by Movant.  However, the pre-sentence report indicates that the information upon which the report relies was gathered from a co-defendant.  Ultimately, Movant's objection to paragraph 34 was overruled.  ECF No. 708.   Additionally, the conduct mentioned in the pre-sentence report did not affect Movant's sentence since Movant was sentenced to the mandatory minimum sentence of 120 months.  Thus, relief on grounds six and seven is denied.

### 7. *Movant's Failure to Remit Payment*

Finally, the court will address Movant's contention that his attorney provided ineffective assistance because Movant withheld payment for services.  Movant alleges that after his attorney missed several meetings, Movant decided to withhold payment until counsel's actions could be properly addressed.  Movant's final ground for relief appears to be more of a potential explanation for his counsel's alleged actions, or inaction, than an allegation of error.  Movant has failed to show counsel was ineffective.   Therefore payment, or the lack thereof, had no effect on counsel's performance.  As such, Movant's final ground for relief is without merit.

### IV.   CONCLUSION

For the reasons stated above, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 should be and is hereby **denied**.  ECF No. 792.  The motion for summary judgment of the United States of America is hereby **granted**.  ECF No. 844.

13

## V.   CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court DENIES a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

October 28, 2014
Columbia, South Carolina